The opinion of the court was delivered by
TilghmaN, C. J.
This was an action brought by John Naglee, against the Germantown and PerMomen Turnpike Company, before Alderman Geyer, who gave judgment for the plaintiff for 65 dollars and 70 cents. The defendants appealed to the Court of. Common Pleas, and entered security in the sum of 30 dollars only. The court ordered the appeal to be dismissed, because the security was not sufficient to answer the debt and costs, and the question is, whether this was a Case in which the defendants were bound to give any security. By the act of 20th March, 1810, sect. 4. Purd. Dig. 355, in case the defendant appealed from the judgment of a justice or alderman, he was to be bound with surety in a sum'sufficient to cover the sum in controversy, with costs, &c.; but this obligation was to be in the nature of special bail, and therefore bodies corporate were expressly excepted, and might appeal without giving any security: Thus the thing remained, until the passing of the act of 22d March, 1817, entitled, “An Act relative to suits brought by or against corporations;” by the 4th section of which it was enacted, “ that in ease of appeal, certiorari, or writ of error, by any corporation, the oath or affirmation required by law, shall be made by the president or other chief officer of the corporation, or in his absence, by the cashier, treasurer, or secretary, and when any corporation shall be sued, and shall appeal or take a writ of error, the bail requisite in that case, shall be taken absolute for the payment of debts, interest, and costs, on affirmance of the judgment.” The argument of tbé defendants’ counsel is, that inasmuch as no bail was requisite in this case at the time of the passage of the act last mentioned, the provision of the 4th section did not extend to it. The argument is not without ingenuity, but it gives a construction not consistent with the intent of the act. It was understood, that under the former law, when individuals gave security upon an appeal, in the nature of special bail, corporations were exempt, from all security; and this was thought to be an inconvenience to plaintiffs. How was this to be remedied? To say that corporations should give security in the nature of special *229 bail, wBuld be absurd, and therefore it was, that the act of 1817, required the security to be absolute. The words of the 4th section are very comprehensive, and I have no doubt, were intended to provide for this very case. I agree therefore to the construction given to this act by the Court of Common Pleas, and am of opinion that the judgment should be affirmed.
Judgment affirmed.