———•ᵐᵉ◉◉ᵗᵗᵗᵉ———

## THOMAS *against* STEWART.

A female having appealed from the judgment of a justice of the peace, and entered into a recognizance with a surety in the usual terms, it was *held:* That there could be no recovery against the surety in such recognizance, upon a breach of its condition.

ERROR to the Common Pleas of *Mifflin* county.

*William Stewart,* the plaintiff below, and defendant in error, obtained a judgment before a justice of the peace against *Mary Mark,* from which she appealed and entered into a recognizance in the usual form with *Griffith Thomas,* the plaintiff in error as her surety. On the appeal, *Stewart* succeeded in affirming the judgment of the justice. This action was then commenced by *Stewart* against *Thomas* on the recognizance; and the plaintiff assigned as a breach of the condition thereof, that *Mary Mark* did not prosecute her appeal with effect, and that *Thomas* did not surrender her to jail on or before first day of the next term after judgment. The cause was arbitrated and the arbitrators awarded in favor of the plaintiff, upon which judgment was entered; to reverse which this writ of error was sued out.

*J. Fisher* for plaintiff in error.

The recognizance was void, because the surety could not legally comply with its terms by imprisoning a woman. Cited act of 8th February, 1819, *Purd. Dig.* 59, *new Ed.*

*Banks* for defendant in error.

The opinion of the court was delivered by

GIBSON, C. J.—Cases analogous to the present, have been decided on the provisions of the arbitration law of 1809, which direc-

ted a recognizance to be acknowledged with condition to pay the debt and costs, "or surrender the defendant to the goal of the proper county." Yet it was determined in *Carpentier* v. *The Delaware Insurance Company*, 2 *Binney*, 264, that a corporation was entitled to appeal without such recognizance, because the bail would not have had the advantage of all its conditions, inasmuch, as a corporation is an artificial body, that cannot be surrendered; and in the *Germantown and Perkiomen Turnpike Company* v. *Naglee*, 9 *Serg. & Rawle*, 227, a like construction was made of the clause on which the present question arises. Although an appeal by a corporation has since been particularly provided for in the act of the 22d of March, 1817, by directing a recognizance with condition to pay whatever shall be recovered, the preceding decisions are entitled to entire respect, in determining the general question of construction. But the case of a female is attempted to be distinguished from what the case of a corporation was previous to the last mentioned act, inasmuch as her exemption from arrest as secured by the act of the 8th of February, 1819, would present no natural impediment to actual surrender of her person, to give her bail, the benefit of all the conditions of the recognizance. But in the case of special bail, whose responsibility is precisely that of the surety of an appellant under the act in question, a principal privileged from commitment in execution is never actually surrendered, the law esteeming it nugatory to surrender one who would be instantly discharged; and the practice therefore is to enter, at once, an *exoneretur* on the bail-piece. There is, then, a potential, if not actual impediment to the surrender of a female, whose privilege under the act of 1809, can be made as extensively beneficial as it was intended to be, only by preventing her from incurring responsibilities, that would be inconsistent with the full enjoyment of it. In the *Pennsylvania Insurance Company* v. *Anthony's Executors*, 5 *Binney* 508, a construction perfectly analogous, was made in the case of an appeal by executors under the arbitration law of 1810, who were allowed to appeal without bail, though their persons might readily have been surrendered in discharge of the usual recognizance. There is, perhaps, still greater reason to exempt the appellant here, as an arrest by her bail, even for form's sake, would be in some measure a violation of a statutory principle; and as her appeal was allowed on terms which the law did not warrant, the arbitrators erred in sustaining a suit on the recognizance.

Judgment reversed.